IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
------------------------------------ x
                                     :
NETRATINGS, INC.,                    :
                                     :
              Plaintiff,             :
                                     :
    v.                               :   Civil Action No. 05-_____
                                     :
OMNITURE, INC.,                      :
                                     :
              Defendant.             :   JURY TRIAL DEMANDED
                                     :
------------------------------------ x
```

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NetRatings, Inc. ("NetRatings"), by and through its undersigned counsel, demands a trial by jury of all claims and issues so triable, and, as and for its Complaint for Patent Infringement (the "Complaint") against defendant Omniture, Inc. ("Omniture"), states as follows:

**THE PARTIES**

1. NetRatings is a Delaware corporation with offices at 120 West 45th Street, New York, New York 10036. NetRatings is in the business of providing products and services relating to Internet audience measurement and analysis.

2. Upon information and belief, Omniture is a Delaware corporation with its principal place of business at 550 East Timpanogos Circle, Orem, Utah 84097.

3. Upon information and belief, Omniture, which is incorporated in this judicial district, does business in this judicial district, and commits and has committed acts of patent infringement in this judicial district and throughout the United States.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. This Court accordingly has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. §§ 1400(b).

## FACTS COMMON TO ALL COUNTS

6. NetRatings and Omniture offer to the marketplace competing products respecting, inter alia, Internet audience measurement and analysis.

7. On October 7, 1997, United States Letters Patent No. 5,675,510 (the "'510 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffey, et al. NetRatings is the owner by assignment of the '510 Patent. A true copy of the '510 Patent is annexed hereto as Exhibit 1.

8. On August 22, 2000, United States Letters Patent No. 6,108,637 (the "'637 Patent"), entitled CONTENT DISPLAY MONITOR, duly and legally issued to Blumenau. NetRatings is a joint owner by assignment of the '637 Patent and has the exclusive right to enforce the '637 Patent against Omniture. A true copy of the '637 Patent is annexed hereto as Exhibit 2.

9.      On September 5, 2000, United States Letters Patent No. 6,115,680 (the "'680 Patent"), entitled COMPUTER USE METER AND ANALYZER, duly and legally issued to Coffee, et al. NetRatings is the owner by assignment of the '680 Patent. A true copy of the '680 Patent is annexed hereto as Exhibit 3.

10.     On July 13, 2004, United States Letters Patent No. 6,763,386 (the "'386 Patent"), entitled METHOD AND APPARATUS FOR TRACKING CLIENT INTERACTION WITH A NETWORK RESOURCE DOWNLOADED FROM A SERVER, duly and legally issued to Davis, et al. NetRatings is the owner by assignment of the '386 Patent. A true copy of the '386 Patent is annexed hereto as Exhibit 4.

## COUNT I

### Infringement Of United States Patent No. 5,675,510

11.     NetRatings repeats the allegations contained in Paragraphs 1 through 10 as though fully set forth herein.

12.     Upon information and belief, Omniture has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '510 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its product known as SiteCatalyst, alone and/or in combination with other Omniture products.

13.     Upon information and belief, Omniture's infringement of the '510 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

14.     As a result of Omniture's infringement of the '510 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

15. Unless an injunction is issued enjoining Omniture and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '510 Patent, NetRatings will be irreparably harmed.

16. Upon information and belief, with full knowledge of the '510 Patent, Omniture willfully and wantonly infringed the '510 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement Of United States Patent No. 6,108,637

17. NetRatings repeats the allegations contained in Paragraphs 1 through 16 as though fully set forth herein.

18. Upon information and belief, Omniture has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '637 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its product known as SiteCatalyst, alone and/or in combination with other Omniture products.

19. Upon information and belief, Omniture's infringement of the '637 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

20. As a result of Omniture's infringement of the '637 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

21. Unless an injunction is issued enjoining Omniture and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '637 Patent, NetRatings will be irreparably harmed.

22. Upon information and belief, with full knowledge of the '637 Patent, Omniture willfully and wantonly infringed the '637 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

### COUNT III

### Infringement Of United States Patent No. 6,115,680

23. NetRatings repeats the allegations contained in Paragraphs 1 through 22 as though fully set forth herein.

24. Upon information and belief, Omniture has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '680 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its product known as SiteCatalyst, alone and/or in combination with other Omniture products.

25. Upon information and belief, Omniture's infringement of the '680 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

26. As a result of Omniture's infringement of the '680 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

27. Unless an injunction is issued enjoining Omniture and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '680 Patent, NetRatings will be irreparably harmed.

28. Upon information and belief, with full knowledge of the '680 Patent, Omniture willfully and wantonly infringed the '680 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT IV

### Infringement Of United States Patent No. 6,763,386

29. NetRatings repeats the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

30. Upon information and belief, Omniture has been, still is, and will continue infringing, contributing to the infringement of, and/or inducing the infringement of the '386 Patent in violation of 35 U.S.C. § 271 by making, selling, using and/or offering for sale one or more of its products, including, but not limited to, its product known as SiteCatalyst, alone and/or in combination with other Omniture products.

31. Upon information and belief, Omniture's infringement of the '386 Patent has been and continues to be willful, entitling NetRatings to enhanced damages pursuant to 35 U.S.C. § 284.

32. As a result of Omniture's infringement of the '386 Patent, NetRatings has suffered injury to its business and property in an amount to be determined as damages, and will continue to suffer damages in the future.

33. Unless an injunction is issued enjoining Omniture and its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with it, from infringing the '386 Patent, NetRatings will be irreparably harmed.

34. Upon information and belief, with full knowledge of the '386 Patent, Omniture willfully and wantonly infringed the '386 Patent in deliberate and intentional disregard of NetRatings' rights, making this an exceptional case pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, NetRatings prays for judgment and relief as follows:

A. A declaration that Omniture has infringed, is infringing, has induced and is inducing, and has contributed and is contributing to the infringement of United States Letters Patent 5,675,510; 6,108,637; 6,115,680; and 6,763,386 (collectively, the "patents in suit");

B. A preliminary and permanent injunction enjoining Omniture, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from further infringement, inducing infringement, and contributing to infringement of the patents in suit;

C. An award of damages in favor of NetRatings and against Omniture sufficient to fully compensate NetRatings for Omniture's infringement of the patents in suit, and an assessment of prejudgment interest and post-judgment interest;

D. A finding by the Court that Omniture's infringement of the patents in suit is and has been willful, justifying an award of enhanced damages pursuant to 35 U.S.C. § 284;

E. Trebling the compensatory damages due NetRatings;

F. A finding by the Court that this is an exceptional case under 35 U.S.C. § 285 and an award to NetRatings of its attorneys' fees, costs and expenses in this action; and

G. Such other and further relief as the Court deems just and equitable.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Josy W. Ingersoll (#1088)
jingersoll@ycst.com
John W. Shaw (#3362)
jshaw@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899
(302) 571-6600

BROWN RAYSMAN MILLSTEIN
 FELDER & STEINER LLP
Frederick L. Whitmer
Seth H. Ostrow
Steven S. Rubin
Tara N. Stein
900 Third Avenue
New York, New York 10022
(212) 895-2000

Attorneys for Plaintiff NetRatings, Inc.

Dated: May 19, 2005

## DEMAND FOR JURY TRIAL

NetRatings, Inc. hereby demands trial by jury of all claims and issues so triable.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_____
Josy W. Ingersoll (#1088)
jingersoll@ycst.com
John W. Shaw (#3362)
jshaw@ycst.com
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899
(302) 571-6600

BROWN RAYSMAN MILLSTEIN
  FELDER & STEINER LLP
Frederick L. Whitmer
Seth H. Ostrow
Steven S. Rubin
Tara N. Stein
900 Third Avenue
New York, New York 10022
(212) 895-2000

Attorneys for Plaintiff NetRatings, Inc.

Dated: May 19, 2005

2