IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NETRATINGS, INC., <br><br>                                    Plaintiff, <br> v. <br> OMNITURE, INC. <br><br>                                    Defendant. | Civil Action No. 05-313 GMS <br><br> JURY TRIAL DEMANDED |

**ANSWER AND COUNTERCLAIMS
OF DEFENDANT AND COUNTERCLAIMANT OMNITURE, INC. TO COMPLAINT
FOR PATENT INFRINGEMENT**

Defendant Omniture, Inc., ("Omniture"), by and through its undersigned counsel, answers the Complaint for Patent Infringement ("Complaint") of plaintiff NetRatings, Inc. ("Plaintiff"), as follows:

## I. ANSWER

### THE PARTIES

1.  Omniture admits that Plaintiff purports to be a Delaware corporation that maintains an office at 120 West 45th Street, New York, New York 100036. Omniture is without knowledge or information sufficient to form a belief as to the truth of those remaining averments contained in paragraph 1 of the Complaint and therefore denies the remaining averments contained therein.

2.  Omniture admits that it is a Delaware corporation with its principal place of business at 550 East Timpanogos Circle, Orem, Utah 84097.

3.      Omniture admits that it does business in the District of Delaware and admits that it is incorporated in the District of Delaware. Omniture denies every remaining averment contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.      Omniture admits that Plaintiff purports to state a cause of action arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. Omniture admits that Plaintiff purports to invoke subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Omniture denies every remaining averment contained in paragraph 4 of the Complaint.

5.      Omniture admits that Plaintiff purports to aver that venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b). Omniture denies every remaining averment contained in paragraph 5 of the Complaint.

## FACTS COMMON TO ALL COUNTS

6.      Omniture admits that it offers products that provide website analytics. Omniture is without knowledge or information sufficient to form a belief as to the truth of those remaining averments contained in paragraph 6 of the Complaint and therefore denies the remaining averments contained therein.

7.      Omniture admits that, on its face, the document attached as Exhibit 1 to the Complaint indicates that the '510 patent, titled "Computer Use Meter and Analyzer," and listing Steven R. Coffey, David B. Pinsley and Karen A Poloniewicz as inventors, was issued on October 7, 1997. Omniture is without knowledge or information sufficient to form a belief as to the truth of those remaining averments contained in paragraph 7 of the Complaint and therefore denies the remaining averments contained therein.

8.      Omniture admits that, on its face, the document attached as Exhibit 2 to the Complaint indicates that the '637 patent, titled "Content Display Monitor," and listing Trevor Blumenau as inventor, was issued on August 22, 2000. Omniture is without knowledge or

information sufficient to form a belief as to the truth of those remaining averments contained in paragraph 8 of the Complaint and therefore denies the remaining averments contained therein.

9. Omniture admits that, on its face, the document attached as Exhibit 3 to the Complaint indicates that the '680 patent, titled "Computer Use Meter and Analyzer," and listing Steven R. Coffey, David B. Pinsley, Karen A Poloniewicz, Stephen J. Costello and Steven N. Santizni as inventors, was issued on September 5, 2000. Omniture is without knowledge or information sufficient to form a belief as to the truth of those remaining averments contained in paragraph 9 of the Complaint and therefore denies the remaining averments contained therein.

10. Omniture admits that, on its face, the document attached as Exhibit 4 to the Complaint indicates that the '386 patent, titled "Method and Apparatus for Tracking Client Interaction With a Network Resource Downloaded From a Server," and listing Owen Davis and Vidyut Jain as inventors, was issued on July 13, 2004. Omniture is without knowledge or information sufficient to form a belief as to the truth of those remaining averments contained in paragraph 10 of the Complaint and therefore denies the remaining averments contained therein.

## COUNT I

### Infringement of United States Patent No. 5,675,510

11. In response to paragraph 11 of the Complaint, Omniture incorporates by reference its responses to paragraphs 1 through 10 of the Complaint.

12. Omniture denies the averments contained in paragraph 12 of the Complaint.

13. Omniture denies the averments contained in paragraph 13 of the Complaint.

14. Omniture denies the averments contained in paragraph 14 of the Complaint.

15. Omniture denies the averments contained in paragraph 15 of the Complaint.

16. Omniture denies the averments contained in paragraph 16 of the Complaint.

## COUNT II

### Infringement of United States Patent No. 6,108,637

17. In response to paragraph 17 of the Complaint, Omniture incorporates by reference its responses to paragraphs 1 through 16 of the Complaint.

18. Omniture denies the averments contained in paragraph 18 of the Complaint.

19. Omniture denies the averments contained in paragraph 19 of the Complaint.

20. Omniture denies the averments contained in paragraph 20 of the Complaint.

21. Omniture denies the averments contained in paragraph 21 of the Complaint.

22. Omniture denies the averments contained in paragraph 22 of the Complaint.

## COUNT III

### Infringement of United States Patent No. 6,115,680

23. In response to paragraph 23 of the Complaint, Omniture incorporates by reference its responses to paragraphs 1 through 22 of the Complaint.

24. Omniture denies the averments contained in paragraph 24 of the Complaint.

25. Omniture denies the averments contained in paragraph 25 of the Complaint.

26. Omniture denies the averments contained in paragraph 26 of the Complaint.

27. Omniture denies the averments contained in paragraph 27 of the Complaint.

28. Omniture denies the averments contained in paragraph 28 of the Complaint.

## COUNT IV

### Infringement of United States Patent No. 6,763,386

29. In response to paragraph 29 of the Complaint, Omniture incorporates by reference its responses to paragraphs 1 through 28 of the Complaint.

30. Omniture denies the averments contained in paragraph 30 of the Complaint.

31. Omniture denies the averments contained in paragraph 31 of the Complaint.

32. Omniture denies the averments contained in paragraph 32 of the Complaint.

33. Omniture denies the averments contained in paragraph 33 of the Complaint.

34. Omniture denies the averments contained in paragraph 34 of the Complaint.

## II.

## DEFENSES

For its Affirmative Defenses to the Complaint, Omniture avers as follows:

A. **FIRST DEFENSE – INVALIDITY UNDER SECTION 102**

1. Omniture is informed and believes, and therefore alleges, that each of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability of 35 U.S.C. § 102.

B. **SECOND DEFENSE – INVALIDITY UNDER SECTION 103**

2. Omniture is informed and believes, and therefore alleges, that each of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability of 35 U.S.C. § 103.

C. **THIRD DEFENSE – INVALIDITY UNDER SECTION 112**

3. Omniture is informed and believes, and therefore alleges, that each of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability of 35 U.S.C. § 112.

## III.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff, defendant and counterclaimant Omniture avers as follows:

A.  **PARTIES, JURISDICTION AND VENUE**

1. This is an action for Declaratory Relief for which this Court has jurisdiction under 15 U.S.C. §§ 1331, 1338 and 2201.

2. Omniture is a Delaware corporation with its principal place of business at 550 East Timpanogos Circle, Orem, Utah 84097.

3. Upon information and belief, Plaintiff is a Delaware corporation with a place of business at 120 West 45th Street, New York, New York 10036.

4. By its Complaint, Plaintiff purports to assert claims against Omniture for infringement of the '510 patent, the '637 patent, the '680 patent and the '386 patent (together, "the patents-in-suit").

5. Omniture has denied Plaintiff's claims of infringement of the '510 patent, the '637 patent, the '680 patent and the '386 patent, and contends that each of the patents-in-suit is invalid for failing to meet the conditions for patentability set forth in Title 35 U.S.C. § 101 et seq.

6. An actual controversy has risen and now exists between Omniture and Plaintiff as to the invalidity, unenforceability, and/or non-infringement of the patents-in-suit.

B.  **COUNT I: DECLARATION OF NONINFRINGEMENT**

7. Omniture restates and incorporates by reference each of the averments of paragraphs 1 through 34 of Section I of this Answer.

8. Plaintiff claims to be the owner by assignment of all legal rights, title and interests in the patents-in-suit, including the right to enforce the patents-in-suit.

9. Plaintiff in this action has asserted that Omniture is infringing one or more claims of each of the patents-in-suit.

10. Omniture seeks a declaration that it does not infringe and has not infringed any claims of the patents-in-suit, specifically, the '510 patent, the '637 patent, the '680 patent and the '386 patent.

C. **COUNT II: DECLARATION OF PATENT INVALIDITY**

11. Omniture restates and incorporates by reference each of the averments of paragraphs 1 through 34 of Section I of this Answer.

12. Omniture seeks a declaration that the patents-in-suit, specifically the '510 patent, the '637 patent, the '680 patent and the '386 patent, each is invalid for failure to satisfy one or more of the conditions for patentability specified under United States patent law, including 35 U.S.C. §§ 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, Omniture prays for judgment with respect to Plaintiff's Complaint and Omniture's Affirmative Defenses and Counterclaims as follows:

a. judgment be entered against Plaintiff and in favor of Omniture on the claims set forth in the Complaint filed by Plaintiff and that such claims be dismissed with prejudice;

b. this Court find and declare that the '510 patent, the '637 patent, the '680 patent and the '386 patent are not infringed by Omniture;

c. this Court find and declare that the '510 patent, the '637 patent, the '680 patent and the '386 patent are invalid pursuant to the United States patent law, including 35 U.S.C. §§ 101, 102, 103, and 112;

d. this Court find and declare that Plaintiff is guilty of patent misuse and/or unclean hands, and that the '510 patent, the '637 patent, the '680 patent and the '386 patent are unenforceable;

e. this Court find that this is an exceptional case and award Omniture its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

f. this Court grant Omniture such other and further relief as the Court shall deem just and proper.

## IV. DEMAND FOR JURY TRIAL

Defendant Omniture demands trial by jury on all issues so triable.

Dated: July 8, 2005

*/s/ William J. Wade*
William J. Wade (I.D. # 704)
(wade@rlf.com)
Matthew W. King (#4566)
(king@rlf.com)
Richards, Layton & Finger
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys for Defendant

OF COUNSEL:

Lynn H. Pasahow
Hector Ribera
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041-2008

Michael J. Sacksteder
Tyler G. Newby
Fenwick & West LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and which has also been served as noted:

### BY HAND
Josy W. Ingersoll, Esquire
John W. Shaw, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899

### BY TELECOPY
Frederick L. Whitmer, Esquire
Seth H. Ostrow, Esquire
Steven S. Rubin, Esquire
Tara N. Stein, Esquire
Brown Raysman Millstein Felder & Steiner LLP
900 Third Avenue
New York, NY 10022

William J. Wade (#704)

DATED: July 8, 2005

RLF1-2882966-1